# ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAIʻI**

**Elise Nielsen**,
Plaintiff,

v.

**Hawaiʻi Medical Service Association (HMSA),**
An Independent Licensee of the Blue Cross and Blue Shield Association, acting under color of state law,
Defendant.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 10 2025

at 8 o'clock and 00 min. P M
Lucy H. Carrillo, Clerk

Civil Action No. **CV 25 00288 DKW RT**

**COMPLAINT FOR VIOLATIONS OF**
**THE AMERICANS WITH DISABILITIES ACT (ADA),**
**SECTION 504 OF THE REHABILITATION ACT,**
**AND 42 U.S.C. § 1983**

**JURY TRIAL DEMANDED**

**Filed: July 8, 2025**

---

## PARTIES

1. Plaintiff, Elise Nielsen, is an individual residing in the State of Hawaiʻi. Plaintiff is a Medicaid recipient enrolled under the HMSA QUEST Integration plan.
2. Defendant, Hawaiʻi Medical Service Association (HMSA), is a Medicaid managed care organization operating under state contract and federal Medicaid law. HMSA is an independent licensee of the Blue Cross and Blue Shield Association and operates throughout Hawaiʻi, including on Maui where Plaintiff resides.

---

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under the laws of the United States, specifically the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and 42 U.S.C. § 1983.

4. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in the District of Hawaiʻi.

---

## FACTUAL ALLEGATIONS

5. Plaintiff has a genetic connective tissue disorder diagnosed as hypermobile Ehlers-Danlos Syndrome (hEDS) and is being evaluated for vascular EDS (vEDS).

6. Plaintiff experiences complex, multisystem symptoms affecting the heart, gastrointestinal tract, autonomic nervous system, joints, immune system, and other organs. These symptoms are disabling, progressive, and require care by specialty-trained EDS providers.

7. HMSA has repeatedly denied coverage for out-of-network care in the following critical areas: rheumatology, cardiology, neurology, gastroenterology, genetic counseling, chronic fatigue clinic, OBGYN, sleep study, and physical therapy. These services are medically necessary, and Plaintiff's physicians have confirmed that no in-network provider is qualified or willing to manage her care.

8. HMSA has acknowledged in writing that no EDS specialists exist within its network but has refused to authorize out-of-network referrals as required under federal law.

9. HMSA has also failed to provide disability assistance services mandated under the ADA and Medicaid law, including transportation coordination, case management, and reasonable accommodations.

10. As a result of HMSA's conduct, Plaintiff has suffered avoidable physical deterioration, pain, emotional distress, multiple hospitalizations, loss of function, and prolonged suffering.

---

## CLAIMS FOR RELIEF

### COUNT I – Violation of the Americans with Disabilities Act (ADA)

11. Plaintiff realleges paragraphs 1 through 10.

12. HMSA is a public entity under Title II of the ADA.

13. HMSA has discriminated against Plaintiff on the basis of disability by denying access to medically necessary care and accommodations, in violation of 42 U.S.C. § 12132.

### COUNT II – Violation of Section 504 of the Rehabilitation Act

14. Plaintiff realleges paragraphs 1 through 13.

15. HMSA receives federal financial assistance.

16. HMSA discriminated against Plaintiff solely on the basis of disability, in violation of 29 U.S.C. § 794.

**COUNT III – Violation of 42 U.S.C. § 1983 (Civil Rights Act)**
17. Plaintiff realleges paragraphs 1 through 16.
18. Defendant, acting under color of state law as a Medicaid contractor, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including the ADA, Section 504, and federal Medicaid regulations (42 CFR §§ 438.206 and 438.208).

---

**RELIEF REQUESTED**

Plaintiff respectfully requests that this Court:

a. Enter judgment against Defendant for compensatory damages in an amount not less than $2,750,000;

b. Award punitive damages in excess of $3,000,000;

c. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 and ADA enforcement provisions;

d. Order immediate injunctive relief to authorize medically necessary out-of-network care;

e. Award such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

Elise Nielsen
Plaintiff, Pro Se