IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ELISE NIELSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>HAWAIʻI MEDICAL SERVICE ASSOCIATION,<br><br>        Defendant. | Case No. 25-cv-00288-DKW-RT<br><br>**ORDER (1) GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, (3) DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION, AND (4) GRANTING DEFENDANT'S MOTION TO SEAL** |

Plaintiff Elise Nielsen, proceeding without counsel, brings three claims against Defendant Hawaiʻi Medical Service Association (HMSA) under the Americans With Disabilities Act (ADA), the Rehabilitation Act of 1973, and 42 U.S.C. Section 1983 (Section 1983), all based on her contention that HMSA has "repeatedly denied [her] coverage for out-of-network care" related to various medical services she contends are "necessary". Dkt. No. 1. Nielsen has also moved for an "emergency injunction" under Federal Rule of Civil Procedure 65, seeking immediate "authorization of medically necessary care". Dkt. No. 27. HMSA has moved to dismiss the Complaint with prejudice on numerous grounds, including the failure to state a claim. Dkt. No. 26.

Upon review of the parties' briefing and relevant case law, the Court agrees with HMSA that the Complaint fails to state any claim for relief. Specifically, while it is unnecessary at this juncture to address all of the arguments HMSA raises, the Complaint, at the very least, fails to adequately allege that HMSA discriminated against Nielsen "by reason" of any disability for purposes of her ADA and Rehabilitation Act claims. It is unclear, in fact, whether the Complaint *could* do so. The Complaint also fails to adequately allege that HMSA is an entity acting under the "color of law" for purposes of Section 1983. Therefore, as more fully discussed below, the motion to dismiss is GRANTED IN PART. Dismissal is without prejudice to Nielsen filing an amended complaint, should she choose to do so, consistent with the instructions herein. Further, because Nielsen's claims have been dismissed, her motion for an emergency injunction is DENIED. Finally, HMSA's motion to seal certain documents related to Nielsen's medical history, Dkt. No. 40, is GRANTED.

## BACKGROUND

### I. The Complaint

The Complaint alleges three claims: (1) ADA discrimination "on the basis of disability", (2) Rehabilitation Act discrimination "on the basis of disability", and (3) Section 1983 constitutional violations for abridging legal rights under the "ADA,

2

Section 504 [of the Rehabilitation Act], and federal Medicaid regulations (42 CFR §§ 438.206 and 438.208)." Dkt. No. 1 at 2-3.

In connection with these claims, the Complaint alleges as follows. Nielsen is a Medicaid recipient enrolled in the "HMSA Quest Integration plan." *Id*. at ¶ 1. HMSA is a "Medicaid managed care organization operating under state contract and federal Medicaid law[]" and is "an independent licensee of the Blue Cross and Blue Shield Association…." *Id*. at ¶ 2. Nielsen has a "genetic connective tissue disorder diagnosed as hypermobile Ehlers-Danlos Syndrome (hEDS) and is being evaluated for vascular EDS [Ehlers-Danlos Syndrome] (vEDS)." *Id*. at ¶ 5. She experiences "complex, multisystem symptoms" that affect, among other things, her heart, joints, and immune system, and "require care by specialty-trained EDS providers." *Id*. at ¶ 6.

Notwithstanding the fact that HMSA lacks an "in-network provider [that] is qualified or willing to manage [Nielsen's] care, " it has "repeatedly denied coverage for out-of-network care" in various fields that are "medically necessary". *Id*. at ¶ 7. HMSA has, for example, "acknowledged in writing that no EDS specialists exist within its network[,] but has refused to authorize out-of-network referrals…." *Id*. at ¶ 8. HMSA has also failed to provide "disability assistance services", such as "transportation coordination" and "reasonable accommodations." *Id*. at ¶ 9. The

3

Complaint alleges that, "[a]s a result of HMSA's conduct," Nielsen has suffered, among other things, "physical deterioration" and "emotional distress". *Id*. at ¶ 10.

## II.     The Pending Motions

On September 30, 2025, Nielsen and HMSA both filed motions now pending before the Court. First, HMSA filed a motion to dismiss all claims in the Complaint with prejudice on various grounds, including for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and failure to exhaust "administrative remedies". Dkt. No. 26. Second, Nielsen filed a motion for "emergency injunction" under Rule 65, seeking, among other things, "[i]mmediate authorization of medically necessary care…." Dkt. No. 27.[1]

HMSA has opposed the motion for emergency injunction, arguing that none of the factors relevant to such relief favor granting the same. Dkt. No. 39. While Nielsen has not expressly filed an opposition to the motion to dismiss, on October 8, 2025, she filed a "Statement" that, liberally construed, represents an opposition. *See* Dkt. No. 31. Therefore, the Court construes it as such. Therein, Nielsen asserts that HMSA has engaged in a "pervasive pattern of wrongful denials and obstruction" related to her receiving "medically necessary" care. *Id*. at 2. She also asserts, among other things, that she is entitled to pursue relief in court for "coverage

---

[1] The motion for "emergency injunction", Dkt. No. 27, represented Nielsen's fourth effort to obtain some form of urgent injunctive relief in this case. The prior efforts were all denied without prejudice, at least in part due to Nielsen's failure to serve HMSA with the relevant motion and demand to proceed *ex parte*. *See* Dkt. Nos. 6, 9, 20.

4

claims" against HMSA. *Id.* at 1.[2]  Neither party filed a reply in support of their respective motion.

In connection with its opposition to the motion for emergency injunction, HMSA also filed a motion to seal certain records related to Nielsen's medical health/condition. Dkt. No. 40. Although the time has passed for any response to the same, *see* Local Rule 5.2 (allowing seven days to respond), no response has been filed. Further, upon review, because the motion to seal seeks to protect Nielsen's confidential medical/health information, the motion to seal is GRANTED for good cause shown. Within four business days of this Order, HMSA shall file under seal Dkt. Nos. 39-6 to 39-10 and unredacted versions of Dkt. Nos. 39 & 39-2.

## STANDARD OF REVIEW

### I. Injunctive Relief Under Rule 65

"A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When a party "has not shown any chance of success on the

---

[2] On November 12, 2025, long after the time for responding to the motion to dismiss or any other pending matter, Nielsen filed a further "Statement", which, arguably, also addresses arguments raised in the motion to dismiss.  *See* Dkt. No. 43.  Because it was grossly late, the Court does not consider this second "Statement".  *See* Local Rule 7.2 (allowing 21 days *prior to* the date of a hearing for an opposition to be filed); Dkt. No. 28 (setting hearing on the motion to dismiss for November 14, 2025, and, therefore, making an opposition due on or before October 24, 2025).

merits, no further determination of irreparable harm or balancing of hardships is necessary." *Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007).

## II. Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct"

6

do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

### III. **Pro Se Status**

The Court liberally construes a pro se Complaint, such as that of Nielsen. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In addition, a pro se litigant must follow this Court's Local Rules and the Federal Rules of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

## DISCUSSION

Because the merit, or lack thereof, of Nielsen's claims is a factor relevant to both the motion to dismiss and the motion for an emergency injunction, the Court begins its analysis with whether the Complaint states a claim for relief under Rule 12(b)(6). For the reasons set forth below, the Court finds that the factual, as opposed to the conclusory, allegations of the Complaint do not come close to stating

a plausible claim for relief under the ADA, the Rehabilitation Act, or Section 1983. Therefore, the motion to dismiss is GRANTED IN PART, and the motion for emergency injunction is DENIED.   However, because it is not impossible for these deficiencies to be corrected by amendment, and this is the first opportunity to notify Nielsen of the same, dismissal is without prejudice and with leave to amend.

**I.       The ADA and Rehabilitation Act Claims**

Nielsen brings her ADA claim under 42 U.S.C. Section 12132.   Dkt. No. 1 at ¶ 13.   Section 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."   To state a prima facie claim under Section 12132, a plaintiff must allege:

> (1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of [her] disability.

*Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (quotations omitted).

Nielsen brings her Rehabilitation Act claim under 29 U.S.C. Section 794. Dkt. No. 1 at ¶ 16.   Section 794(a) provides that "[n]o otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be

excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance….." A prima facie claim under the Rehabilitation Act mirrors that of the ADA, except, with respect to the second element, instead of the defendant needing to be a "public entity" as under the ADA, the defendant must receive "federal financial assistance" under the Rehabilitation Act. *See Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 816 (9th Cir. 1999) (involving claims of employment discrimination under the ADA and the Rehabilitation Act).

HMSA argues that Nielsen has failed to adequately plead *any* of the elements of an ADA claim and fails to allege that she was denied benefits by reason of her disability for purposes of the Rehabilitation Act. Dkt. No. 26-1 at 11-15. At this juncture, for both claims, it is necessary to address only the last element because the Complaint fails to plead -- in anything other than a conclusory manner -- that HMSA denied coverage "by reason" of Nielsen's alleged disability. Specifically, the Complaint simply alleges that HMSA "discriminated against Plaintiff *on the basis of disability* by denying access to medically necessary care and accommodations…." Dkt. No. 1 at ¶ 13 (emphasis added); *see also id*. at ¶ 16 (alleging only that HMSA "discriminated against Plaintiff solely on the basis of disability…"). There are no *factual* allegations, however, in the Complaint that HMSA denied access to any care or accommodations *by reason* of Nielsen's disability. At most, the Complaint

merely alleges that HMSA has "denied coverage for out-of-network care" and has "refused to authorize out-of-network referrals…." *Id*. at ¶¶ 7-8. If anything, these assertions suggest that Nielsen was denied care and/or accommodations by reason of the same being "out-of-network", rather than by reason of her alleged disability. Therefore, both the ADA and Rehabilitation Act claims, as currently pled, fail.

**II.     Section 1983 Claim**

To establish a prima facie claim under Section 1983, a plaintiff must allege: "(1) the action occurred under color of law and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right." *Souders v. Lucero*, 196 F.3d 1040, 1043 (9th Cir. 1999).

HMSA argues that Nielsen has failed to adequately plead action under color of law because the Complaint's allegation of contracting with the government is insufficient. Dkt. No. 26-1 at 16-18.[3] The Court agrees. In the Complaint, Nielsen alleges that HMSA is a private entity—specifically, "an independent licensee of the Blue Cross and Blue Shield Association". *See* Dkt. No. 1 at ¶ 2. Action taken by a private entity may be under color of law "where there is

---

[3]HMSA notes, however, that it "does not concede" the sufficiency of the allegations with respect to the second element. Dkt. No. 26-1 at 16 n.3. Because it, therefore, may be relevant in this proceeding, the Court observes that, with respect to the second element, a "plaintiff who is a Medicaid recipient makes out a § 1983 claim by asserting 'the violation of an individually enforceable *right* conferred specifically upon her, not merely a violation of federal law or the denial of a *benefit* or *interest*, no matter how unambiguously conferred.'" *Evangelical Lutheran Good Samaritan Soc'y v. Betlach*, 2017 WL 3334870, at *6 (D. Ariz. Aug. 4, 2017) (brackets omitted, emphasis in original) (quoting *Sanchez v. Johnson*, 416 F.3d 1051, 1062 (9th Cir. 2005).

10

significant state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) (quotation omitted). While the U.S. Supreme Court has identified "a number of tests or factors to determine when state action is significant[,]" *id*. at 383, here, the Complaint does not allege *any*, let alone significant, State involvement in the challenged actions.[4]

Specifically, as HMSA observes, the sole allegation in the Complaint is that HMSA is a "Medicaid contractor", *see* Dkt. No. 1 at ¶ 18, with no further embellishment or supplementation of HMSA's nexus or relationship to a State, which is presumably Hawaiʻi. Further, the challenged activities here are HMSA's alleged denials of care and accommodations to Nielsen. *See id*. at ¶¶ 7, 9. There is no allegation in the Complaint even suggesting that a State had *any* role, let alone significant ones, in these alleged actions. Instead, the Complaint suggests that it was HMSA *alone* making the decisions to "repeatedly den[y]" Nielsen care and accommodations. *See id*. Therefore, the Section 1983 claim also fails.

---

[4] The Supreme Court has summarized these tests or factors, explaining that a challenged activity may be State action "when it results from the State's coercive power," "when the State provides significant encouragement, either overt or covert," "when a private actor operates as a willful participant in joint activity with the State or its agents," when a "nominally private entity … is controlled by an agency of the State," "when it has been delegated a public function by the State," "when it is entwined with governmental policies, or when government is entwined in its management or control[.]" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (quotations, citations, and brackets omitted). As discussed further herein, the Complaint does not allege anything related to these factors.

**III.    Leave to Amend**

While the Complaint is clearly deficient for the reasons set forth above, it is not impossible for those deficiencies to be cured by amendment. Therefore, because Nielsen is proceeding without counsel and this Court has not notified her of the above-stated deficiencies, leave to amend is appropriate. *See Lucas*, 66 F.3d at 248. So it is clear, Nielsen is granted leave to amend only the claims brought under the ADA, the Rehabilitation Act, and Section 1983, taking into consideration the guidance set forth in this Order.

In doing so, Nielsen may not incorporate any part of the original Complaint, Dkt. No. 1, in any amended complaint she may file. To the extent any claims are not re-alleged in an amended complaint, they may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled). In addition, because Nielsen has submitted numerous exhibits with her filings in this case, the Court instructs her that, to the extent she believes any document is relevant to her claims, she must reference or otherwise allege the relevant contents of the same in any amended complaint she may file. In other words, she may not simply attach exhibits to any amended complaint she files, leaving it to the Court or HMSA to discern why the exhibit is material.

## IV. Conclusion

For the reasons set forth herein, the motion to dismiss, Dkt. No. 26, is GRANTED IN PART to the extent that the Complaint is dismissed for failure to state a claim.[5]  Dismissal, however, is without prejudice and with leave to amend to the extent set forth herein.

Because all claims have been dismissed for failure to state a claim, the motion for emergency injunction, Dkt. No. 27, is DENIED.  Nielsen cannot show any likelihood of success on the merits when no claims remain.  *See Global Horizons*, 510 F.3d at 1058.

Nielsen may have until **December 12, 2025** to file an amended complaint should she so choose.  **The Court cautions Nielsen that failure to file an amended complaint by December 12, 2025 may result in the dismissal of this case with prejudice and without further notice.**

IT IS SO ORDERED.

Dated: November 20, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

[5]Because the Court has found the Complaint deficient for the reasons above, the Court does not address any other basis for dismissal raised by HMSA.  Should an amended complaint be filed and HMSA choose to do so, it may re-assert any argument not addressed herein.