(\*C-filer DKW)

Name: Elise Nielsen
Address: 486 Kaolau Place
City, State, Zip: Kihei, HI, 96753
Phone: 808-283-6950

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 12 2025   RR

at 9 o'clock and 15 min. A M
Lucy H. Carrillo, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

Plaintiffs' Name(s)   Elise Nielsen

vs.

Hawaii Medical Service Association (HMSA), an Independent Licensee of the Blue Cross Blue Shield Association, acting under color of state law through the Hawaii Department of Human Services Med-QUEST Medicaid program.

Defendants' Name(s)

)
)
)
)
) Civil Case Number(s)
)
) 1:25-cv-00288-DKW-RT
)
)
)
)
)
)
)
)
)

Print Name: Elise Nielsen

Signature: /s/ Elise Nielsen

Date: 12/12/25

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

**ELISE NIELSEN,**
Plaintiff,
v.
**HAWAII MEDICAL SERVICE ASSOCIATION (HMSA),**
an Independent Licensee of the Blue Cross Blue Shield Association,
acting under color of state law through the Hawai'i Department of Human Services'
**Med-QUEST Medicaid program,**
Defendant.

Case No. **1:25-cv-00288-DKW-RT**
**AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**
**Jury Trial Requested**

---

# I. INTRODUCTION

1. Plaintiff **Elise Nielsen** brings this action for violations of her federal rights under:

    - **Title II of the Americans with Disabilities Act (ADA)**

    - **Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**

    - **42 U.S.C. § 1983** to enforce rights under the **Medicaid Act**

    - **Violation of Due Process** under the Fourteenth Amendment

    - **Violation of Equal Protection** under the Fourteenth Amendment

    - **Retaliation and Interference with Protected Rights**

2. As a Medicaid beneficiary enrolled in **HMSA QUEST**, Plaintiff depends on Medicaid-required specialty care for life-threatening and disabling medical conditions.

3. HMSA, functioning as **Hawaii's state Medicaid contractor**, repeatedly and unlawfully:

    - denied medically necessary care;

    - overturned specialist referrals approved by Plaintiff's treating physicians;

    - ignored federal Medicaid requirements for continuity of care;

    - used improper, non-specialist reviewers;

    - obstructed access to out-of-state specialty providers where no in-state equivalent exists;

    - retaliated against Plaintiff for asserting her rights;

    - engaged in discrimination based on disability.

4. As a result, Plaintiff suffers irreparable harm including worsening cardiac instability, neurological decline, severe disability, repeated hospitalizations, and ongoing risk of sudden medical collapse.

---

# II. JURISDICTION AND VENUE

5. Jurisdiction is proper under **28 U.S.C. §§ 1331 and 1343**, because Plaintiff asserts claims under:

    - ADA Title II,

    - Section 504,

    - 42 U.S.C. § 1983,

    - the U.S. Constitution, and

    - the Medicaid Act.

6. Venue is proper under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in the District of Hawaiʻi, and Defendant is headquartered in Hawaiʻi.

# III. PARTIES

## A. Plaintiff

7. Plaintiff **Elise Nielsen** is a resident of Maui County, Hawai'i, and is permanently disabled due to complex medical conditions including hEDS, POTS, severe arrhythmias, gastroparesis, mitochondrial dysfunction, inflammatory myopathies, neurological impairment, and autoimmune and vascular complications.

8. Plaintiff is a qualified individual with a disability under the ADA and Section 504.

## B. Defendant HMSA

9. Defendant **Hawaii Medical Service Association (HMSA)** is the **state-designated managed care organization (MCO)** contracted to administer Medicaid benefits under **Hawai'i's Med-QUEST program**.

10. As a Medicaid contractor performing a **traditional, exclusive public function**—determining eligibility, authorizing benefits, providing Medicaid services, and making final coverage decisions—HMSA **acts under color of state law** for the purposes of 42 U.S.C. § 1983, the ADA, and Section 504.

11. Hawaii's Department of Human Services (DHS) delegates Medicaid coverage determinations and enforcement of federal Medicaid rights to HMSA QUEST. HMSA performs functions **required by federal law** and traditionally performed by the State.

# IV. STATEMENT OF FACTS

## A. Plaintiff Requires Specialized Medical Care Unavailable in Hawai'i

12. Plaintiff suffers from complex, rare, and life-threatening conditions requiring evaluation and treatment by **specialists at Stanford Medical Center**, including:

- Vascular, gastric, uterine and bladder surgery
- Neurology and autonomic dysfunction
- Immunology
- Gastroenterology
- Cardiovascular electrophysiology

13. Plaintiff's treating physicians issued **multiple medically necessary referrals**, all approved by the BCBS Medicaid system and valid through 2026.

## B. HMSA Repeatedly Blocked or Overturned Approved Care

14. Despite physician approvals, HMSA:

- overturned medically necessary referrals;
- issued denials using reviewers outside the required specialty;
- refused to process time-sensitive authorizations;
- violated federal 72-hour expedited review requirements;
- falsely stated that in-state alternatives existed when they did not.

15. These actions violate federal Medicaid mandates requiring coverage of medically necessary services, out-of-state specialty care where no in-state equivalent exists, continuity of care, and timely access standards.

## C. HMSA Obstructed Communication and Access

16. Plaintiff made **hundreds of documented calls** attempting to coordinate care, obtain authorizations, and reach HMSA representatives.

17. Call logs show extensive hold times, dropped calls, misrouting, unanswered escalations, and repeated failures to process medical requests.

18. HMSA's conduct caused dangerous delays in cardiology, neurology, and vascular evaluations, directly contributing to Plaintiff's medical deterioration.

### D. Harm to Plaintiff

19. As a direct result of HMSA's actions, Plaintiff experienced:

- uncontrolled arrhythmias and cardiac instability;
- worsening neurological impairment, memory loss, and syncope;
- malnutrition and severe gastrointestinal dysfunction;
- emergency medical deterioration;
- increased risk of sudden death;
- ongoing and irreparable disability.

### E. Retaliation and Pattern of Interference

20. After Plaintiff asserted rights, filed grievances, and sought judicial relief, HMSA increased denials, delays, and obstructions.

21. HMSA's retaliatory conduct violates the ADA, Section 504, and Medicaid protections.

---

# V. CLAIMS FOR RELIEF

---

## COUNT I — Disability Discrimination (ADA Title II)

22. Plaintiff realleges all previous paragraphs.

23. Plaintiff is a qualified individual with disabilities.

24. HMSA, as the entity administering Hawai'i Medicaid benefits, is a "public entity" under Title II.

25. HMSA discriminated against Plaintiff on the basis of disability by:

- denying medically necessary care;

- failing to accommodate her complex medical needs;

- implementing policies and practices that disproportionately harm disabled beneficiaries;

- obstructing access to specialty providers necessary because of her disability.

26. HMSA's actions denied Plaintiff meaningful access to essential health services.

## COUNT II — Rehabilitation Act §504

27. Plaintiff realleges all previous paragraphs.

28. HMSA receives **federal financial assistance** through Medicaid funding.

29. HMSA intentionally and/or with deliberate indifference denied Plaintiff access to benefits and services solely by reason of her disability.

## COUNT III — Medicaid Act Violations (42 U.S.C. § 1983)

### Violations of:

- **42 U.S.C. § 1396a(a)(8)** (reasonable promptness)

- **42 U.S.C. § 1396a(a)(10)** (mandatory services)

- **42 C.F.R. § 431.52** (out-of-state care where unavailable in-state)

- **42 C.F.R. § 438.206** (adequate network and specialty access)

- **42 C.F.R. §§ 438.400–438.420** (appeals and 72-hour timeframes)

30. Plaintiff realleges all previous paragraphs.

31. HMSA's actions violated Plaintiff's **federal rights**, including:

- failure to provide medically necessary services promptly
- failure to provide access to required out-of-state specialists
- failure to provide adequate network providers
- failure to conduct proper clinical review
- failure to issue lawful notices of action
- failure to follow expedited appeal timelines

32. These rights are enforceable under §1983.

## COUNT IV — Fourteenth Amendment: Procedural Due Process (42 U.S.C. § 1983)

33. Plaintiff realleges all previous paragraphs.

34. Medicaid benefits constitute a **property interest** protected by the Due Process Clause.

35. HMSA deprived Plaintiff of this property interest by:

- issuing defective notices;
- denying care without proper clinical review;
- failing to provide required appeal rights;
- obstructing access to care without lawful process.

## COUNT V — Equal Protection (42 U.S.C. § 1983)

36. Plaintiff realleges all previous paragraphs.

37. HMSA treated Plaintiff differently from similarly situated Medicaid beneficiaries by:

- denying care based on disability-related medical complexity;

- refusing required accommodations;

- escalating denials after she asserted legal rights.

38. The discrimination lacks any rational basis and is unlawful.

## COUNT VI — Retaliation (ADA & Section 504)

39. Plaintiff engaged in protected activity by:

- filing grievances;

- seeking accommodations;

- filing this lawsuit.

40. HMSA retaliated by increasing denials, delays, and obstruction in violation of federal law.

## COUNT VII — Declaratory and Injunctive Relief

41. Plaintiff realleges all previous paragraphs.

42. Plaintiff seeks declaratory and injunctive relief requiring HMSA to:

- provide medically necessary specialty care;

- honor approved referrals;

- comply with federal Medicaid laws;

- cease discriminatory and retaliatory practices;
- provide proper notices and timelines.

# VI. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. A declaration that HMSA's conduct violates the ADA, Section 504, the Medicaid Act, and the U.S. Constitution.

B. Preliminary and permanent injunctions requiring HMSA to:

1. Authorize all medically necessary out-of-state specialty care;
2. Provide continuity of care and timely access;
3. Comply with Medicaid appeals and notice requirements;
4. Cease retaliation and discrimination.

C. Compensatory damages for harm caused.

D. Statutory attorneys' fees and costs.

E. Any other relief the Court deems just and proper.

# VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# VIII. SIGNATURE

Dated: 12/11/2025

*[signature]*

_____

**Elise Nielsen**
Plaintiff, Pro Se
486 Kalalau Place
Kihei, HI 96753

808-283-6950
thisonesforelise@gmail.com