IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ELISE NIELSEN,<br><br>      Plaintiff,<br><br>      v.<br><br>HAWAIʻI MEDICAL SERVICE ASSOCIATION,<br><br>      Defendant. | Case No. 25-cv-00288-DKW-RT<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS, AND (2) DISMISSING COMPLAINT WITH PREJUDICE** |

After dismissal of her original Complaint with limited leave to amend the three claims she asserted, Plaintiff Elise Nielsen, proceeding without counsel, filed an Amended Complaint, this time asserting six claims against Defendant Hawaiʻi Medical Service Association (HMSA), each arising out of HMSA's alleged denial of "medically necessary care". HMSA has moved to dismiss the Amended Complaint with prejudice on numerous grounds, including the failure to comply with this Court's earlier instructions, "improper[] expan[sion]" of the claims, and failure to state a claim. Nielsen opposes dismissal, arguing that her amended claims cure deficiencies with the original Complaint that were identified by the Court.

Upon review, the Court finds that Nielsen's claims, whether newly added or amended, fail to cure the deficiencies identified in the Order dismissing the original Complaint. Specifically, Nielsen continues to omit the *facts*, rather than conclusions, in support of each claim. For example, Nielsen—again—asserts that HMSA acted "on the basis of [her] disability" without any facts that would plausibly lead to that conclusion. Similarly, Nielsen conclusorily asserts that HMSA's activities are "traditionally performed by the State" without any explanation of how or why that is so. Once shorn of these and many other factually unsupported assertions, the amended claims *in toto* fail to state any plausible claim under federal pleading standards. Therefore, the motion to dismiss, Dkt. No. 46, is GRANTED. Further, because Nielsen has been apprised of this basic pleading deficiency in the past and has failed to cure the same, dismissal, this time, is WITH PREJUDICE.

## BACKGROUND

I.   **Dismissal of the Complaint**

On November 21, 2025, the Court, among other things, dismissed the Complaint with leave to amend (Dismissal Order). Dkt. No. 44. The Court dismissed Nielsen's claims under the ADA and the Rehabilitation Act because, except for the conclusory assertion that she had been discriminated against due to her disability, the Complaint alleged no facts supporting the same. In fact, the Complaint strongly suggested otherwise. *Id*. at 9-10. The Court also dismissed

Nielsen's claim under Section 1983 for alleged violations of Medicaid regulations because the Complaint did not allege any relevant State action, as required. Because it was possible for these deficiencies to be cured, the Court granted leave to amend, but "<u>only</u> the claims brought under the ADA, the Rehabilitation Act, and Section 1983…." *Id*. at 12 (emphasis in original).

## II.     The Amended Complaint

Nielsen filed a timely Amended Complaint on December 12, 2025. Dkt. No. 45. The Amended Complaint asserts six claims, three more than the original: (1) discrimination under the Americans With Disabilities Act (ADA) "on the basis of disability"; (2) denial of benefits and services under Section 504 of the Rehabilitation Act of 1973 "by reason of [Nielsen's] disability"; (3) numerous violations of the "Medicaid Act" under 42 U.S.C. Section 1983 (Section 1983); (4) violation of procedural due process under Section 1983; (5) violation of equal protection under Section 1983; and (6) "[r]etaliation" under the ADA and Section 504.[1]

In connection with these claims, the Amended Complaint alleges as follows. Nielsen is a "Medicaid beneficiary enrolled in HMSA Quest" who is "permanently disabled due to complex medical conditions including hEDS, POTS, severe arrhythmias, gastroparesis, mitochondrial dysfunction, inflammatory myopathies,

---

[1]The Amended Complaint also purports to bring a seventh claim for "declaratory and injunctive relief". Dkt. No. 45 at ¶ 42. However, because this purported claim seeks only *relief* and relies upon the preceding claims for such relief, the Court does not construe it as a standalone claim.

neurological impairment, and autoimmune and vascular complications." *Id*. at ¶¶ 2, 7. HMSA is a "managed care organization (MCO) contracted to administer Medicaid benefits under Hawaiʻi's Med-QUEST program." *Id*. at ¶ 9. In addition, the State of Hawaiʻi's Department of Human Services (DHS) "delegates Medicaid coverage determinations and enforcement of federal Medicaid rights to HMSA QUEST." *Id*. at ¶ 11.

Nielsen requires evaluation and treatment from specialists at "Stanford Medical Center," including for bladder surgery, immunology, and cardiovascular electrophysiology. *Id*. at ¶ 12. Nielsen's "treating physicians issued multiple medically necessary referrals, all approved by the BCBS Medicaid system and valid through 2026." *Id*. at ¶ 13. "Despite physician approvals," HMSA "overturned" her referrals, issued denials, and responded that "in-state alternatives existed when they did not." *Id*. at ¶ 14. Although Nielsen made "hundreds of documented calls" to HMSA, HMSA "dropped calls" and failed to process medical requests, leading to "dangerous delays in cardiology, neurology, and vascular evaluations". *Id*. at ¶¶ 16-18. Also, after Nielsen "asserted rights, filed grievances, and sought judicial relief, HMSA increased denials, delays, and obstructions." *Id*. at ¶ 20.

### III. Motion to Dismiss

On December 24, 2025, HMSA filed the pending motion to dismiss. Dkt. No. 46. HMSA argues that all claims in the Amended Complaint should be

dismissed with prejudice for various reasons. First, HMSA asserts that the Amended Complaint "improperly expanded the scope" of Nielsen's claims by alleging "new" claims for retaliation, due process and equal protection, and violations of Medicaid statutes, without Court approval. Second, the Amended Complaint fails to cure deficiencies in Nielsen's discrimination claims. Third, the Amended Complaint fails to cure deficiencies in Nielsen's claim under Section 1983. Fourth, the Amended Complaint fails to state a claim for retaliation. Fifth, the Amended Complaint does not allege that Nielsen exhausted "administrative remedies" related to any alleged coverage determination. And sixth, it is "advisable to refer" Nielsen's claims to DHS "under the doctrine of primary jurisdiction."

    Nielsen opposes the motion to dismiss. Dkt. No. 49. First, she argues that the "additional" legal theories in the Amended Complaint "directly address []  pleading defects" and arise from the "same operative conduct" as her original claims. Second, she argues that her discrimination claims are "plausibly pleaded" because the Amended Complaint "alleges procedural exclusion, denial of accommodations, and systematic barriers to Medicaid access…." Third, she argues that the Amended Complaint sufficiently alleges State action for purposes of her Section 1983 claims. Fourth, she argues that her procedural due process claim sufficiently alleges "the exact procedures denied." Fifth, she argues that her equal

5

protection claim sufficiently alleges that HMSA "treated her differently…."  Sixth, she argues that her retaliation claim sufficiently alleges she engaged in protected activity.  And seventh, Nielsen argues that her claims are not barred by principles of administrative exhaustion or primary jurisdiction.

On January 29, 2026, HMSA filed a reply in support of the motion to dismiss. Dkt. No. 53.  With briefing complete, this Order now follows.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief, as required by Rule 8(a)(2). *Id*. at 679.

In addition, the Court liberally construes the allegations of the pro se Amended Complaint. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). A pro se litigant is also generally "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## **DISCUSSION**

In the Dismissal Order, the Court dismissed Nielsen's claims because they improperly relied upon conclusory assertions unsupported by any factual allegations. The Court, nonetheless, permitted Nielsen leave to amend to correct this deficiency. The Amended Complaint, however, fails in this task with respect to Nielsen's original and "additional" claims. Therefore, for the reasons discussed more fully below, the motion to dismiss, Dkt. No. 46, is GRANTED. Further, because Nielsen has been apprised of the need to plead *factual* allegations, and has failed to correct this deficiency in any meaningful sense, dismissal is WITH PREJUDICE.

## I.     The ADA and Rehabilitation Act Claims

Nielsen brings disability discrimination and retaliation claims under both Title II of the ADA and Section 504 of the Rehabilitation Act.  Dkt. No. 45 at ¶¶ 1, 39-40.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a prima facie claim under Title II, a plaintiff must allege:

> (1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of [her] disability.

*Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (quotations omitted).

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…."  29 U.S.C. § 794(a).  A prima facie claim under the Rehabilitation Act mirrors that of the ADA, except, with respect to the second element, instead of the defendant needing to be a "public entity" as under the ADA, the defendant must

8

receive "federal financial assistance" under the Rehabilitation Act.  *See Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 816 (9th Cir. 1999) (involving claims of employment discrimination under the ADA and the Rehabilitation Act).

As for retaliation, under both the ADA and the Rehabilitation Act, a prima facie claim requires a plaintiff to show: "(1) involvement in a protected activity, (2) an adverse … action and (3) a causal link between the two."  *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quotation omitted).  The "causal link" required is "but-for causation…."  *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015).

In the motion to dismiss, HMSA argues that these claims are deficient because, among other things, Nielsen has again failed to allege facts indicating she was discriminated against by reason of her disability and failed to allege facts suggesting a causal link between any protected activity and adverse action(s).  The Court agrees.

In fact, with respect to disability, the Amended Complaint is essentially a regurgitation of Nielsen's doomed allegations from the original: a listing of things HMSA has allegedly done (or not done), such as "denying medically necessary care", followed by the conclusory assertion that it was all "on the basis of disability".  Dkt. No. 45 at ¶ 25.  The arguments in Nielsen's response brief are no different.

*See* Dkt. No. 49 at 4-5.[2] As explained in the Dismissal Order, this is insufficient. Dkt. No. 44 at 9-10. As a result, there remains not one factual allegation in the Amended Complaint indicating that HMSA's alleged conduct was "on the basis of" or "because of" disability. Instead, the entire premise of *disability* discrimination is Nielsen's say-so. The same is true of Nielsen's retaliation claim, as there are no *factual* allegations linking, causally or otherwise, the alleged protected activity—unidentified grievances, requested accommodations, and this lawsuit—to the alleged adverse actions—an "increasing" rate of unidentified denials, delays, and obstruction. *See* Dkt. No. 45 at ¶¶ 39-40.[3] Therefore, Nielsen's claims under the ADA and the Rehabilitation Act must be dismissed for failure to state a plausible claim.

## II.     Section 1983 Claims

Nielsen's other claims—for alleged violations of Medicaid, due process, and equal protection—are brought under Section 1983. To establish a prima facie claim under Section 1983, a plaintiff must allege: "(1) the action occurred under

---

[2] In citing Nielsen's response, the Court cites to the page numbers in the top-right corner of the same, *e.g.*, "Page 4 of 14".

[3] To the extent one is alleged, which is not clear, the same is also true of any "disparate impact" claim in the Amended Complaint. To state such a claim, a plaintiff must allege that "a facially neutral government policy or practice has the effect of denying meaningful access to public services to people with disabilities." *Payan*, 11 F.4th at 738 (quotation omitted). Here, any claim in this respect is, like Nielsen's other claims, replete with conclusory assertions, not factual allegations, including her contention that HMSA's policies "disproportionately harm disabled beneficiaries[.]" *See* Dkt. No. 45 at ¶ 25.

color of law and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right." *Souders v. Lucero*, 196 F.3d 1040, 1043 (9th Cir. 1999).

In the motion to dismiss, HMSA argues that Nielsen has failed to sufficiently allege both elements. The Court opts to focus upon the first element—requiring action under "color of law", *i.e.*, State action—as it is the one to which deficiency was identified in the Dismissal Order. In that regard, HMSA argues that the Amended Complaint fails to plead State action because (1) the alleged "contractual relationship" between HMSA and Hawaiʻi is insufficient, and (2) the assertions in the Amended Complaint--that HMSA performs a "public function"--are conclusory. The Court agrees.

As explained in the Dismissal Order, although Section 1983 requires *State* action, action taken by a *private* entity, such as HMSA, may be under color of law "where there is significant state involvement in the action." Dkt. No. 44 at 10-11 (citing *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) (quotation omitted)). As the Court further explained, the allegation that HMSA has contracted with the State of Hawai'i, without more, does not come close to *significant* State involvement in the actions challenged here—*i.e.*, the denial of "medically necessary services". In fact, alone, which is all that is alleged in the Amended Complaint, contracting with the State does not represent *any* State involvement in HMSA's alleged decisions. Because this allegation has not changed at all relative to the one made in

the original Complaint, it remains deficient as a basis to hold HMSA liable under Section 1983.

This leaves Nielsen's reliance on HMSA allegedly performing a "traditional, exclusive public function" in determining benefits eligibility and providing Medicaid services. Dkt. No. 45 at ¶ 10; Dkt. No. 49 at 6. The Ninth Circuit Court of Appeals has described the "public function" test Nielsen relies upon as follows.

> It is true that a private entity may be deemed a state actor when it conducts a public function, but the relevant function must be traditionally and exclusively governmental. This test is difficult to meet. It is not enough that the relevant function is something that a government has exercised in the past, or still does or that the function serves the public good or the public interest in some way. Rather, the relevant function must have been traditionally the *exclusive* prerogative of the state. Indeed, while many functions have been traditionally performed by governments, the lean list of the very few recognized public functions includes running elections, operating a company town, and not much else.

*Prager Univ. v. Google LLC*, 951 F.3d 991, 997-998 (9th Cir. 2020) (quotations, citations, ellipsis, and alterations omitted, emphasis in original).

To state the obvious, HMSA's alleged actions fall into the "not much else" bucket, as they involve neither the running of elections nor operating a town. Putting that aside, in her response, Nielsen identifies not one case or other authority suggesting that HMSA's actions—determining eligibility for and providing Medicaid services—represent traditional and exclusive governmental functions, as required. *See* Dkt. No. 49 at 6. Rather, case law indicates otherwise. *See Anglin*

*v. Kennard*, 2025 WL 1224194, at *8 (D. Ariz. Apr. 28, 2025) (collecting cases and finding that a provider of Medicaid services under contract with the State of Arizona and pursuant to federal and State statutes was *not* a State actor for purposes of Section 1983). The Court agrees with this line of cases: Nielsen provides no reason or basis to find that HMSA, as alleged here, is performing a "public function" or otherwise should be considered a State actor for purposes of Section 1983. The Court, therefore, finds that all of Nielsen's Section 1983 claims—*i.e.*, Claims Three through Five of the Amended Complaint—must be dismissed for failure to state a plausible claim.

### III.  Dismissal Without Leave to Amend

Dismissal is also without leave to amend and, thus, with prejudice. This is because, despite clear instruction in the Dismissal Order, Nielsen has failed to cure the identified deficiency: the lack of factual allegations supporting her claims. This deficiency is equally true of the claims newly added in the Amended Complaint. While the legal premise of the same may be of some difference to the original claims, all the claims, new or not, suffer from the same pleading deficiency: a reliance upon conclusions and the absence of factual allegations. Having been advised of this deficiency, and failed to correct it, the Court finds that further amendment to attempt to do the same thing again meets the definition of futility. Therefore, all of Nielsen's claims are DISMISSED WITH PREJUDICE.

# **CONCLUSION**

For the reasons set forth herein, the motion to dismiss, Dkt. No. 46, is GRANTED.[4]  The Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

After entry of this Order, the Clerk is instructed to enter Judgment in favor of Defendant HMSA and then close this case.

IT IS SO ORDERED.

Dated: March 3, 2026 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

[4] Because it is unnecessary, the Court does not address herein any other reason for dismissal raised by HMSA.